UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CYNTHIA DOUBEK, *et al.*, | Case No. 3:21-cv-00054-MMD-WGC |
| Plaintiffs, | ORDER |
| v. | |
| CITY OF RENO, *et al.*, | |
| Defendants. | |

## I. SUMMARY

This is a wrongful death action for the death of Charlene McMaster filed by the administrator of McMasters' estate and her four heirs, collectively "Plaintiffs." (ECF No. 1-2 ("FAC").) Plaintiffs sued the City of Reno and two firefighters, Rosa Myers and Collin Cavanagh, after McMaster was hit and killed by a fire truck while walking in a crosswalk. Before the Court is Defendants' motion to dismiss ("Motion") part of Plaintiffs' state wrongful death claims. (ECF No. 7.)[1] The parties disagree about the number of wrongful death claims each Plaintiff may assert. Because the Court agrees with Defendants that each Plaintiff may assert one wrongful death claim per incident of death, the Court will grant Defendants' Motion, and will permit Plaintiffs to file an amended complaint that complies with this order.

## II. BACKGROUND

The following allegations are adapted from the FAC unless otherwise noted. (ECF 1-2.) On October 19, 2019, at approximately 6:50 a.m., Charlene McMaster was hit by a firetruck and killed while crossing East Fourth Street at its intersection with Valley Road. (*Id.* at 19.) Defendant Myers was driving the firetruck, and Defendant Cavanagh was

---

[1]Plaintiffs responded (ECF No. 10) and Defendants replied (ECF No. 11).

steering the rear. (*Id.*) Defendants were making a left turn on a red light when they killed McMaster. (*Id.*) The truck's emergency lights and sirens were not activated. (*Id.*)

Plaintiffs filed an action in state court for wrongful death, violation of McMaster's Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983, and municipal liability for failure to hire, train, or supervise, also under § 1983. (ECF No. 1-1.) In their original complaint, Plaintiffs pleaded wrongful death as their "First Claim for Relief" by all Plaintiffs against all Defendants. (ECF No. 1-1 at 8-11.) Plaintiffs further alleged § 1983 claims for violation of substantive due process and municipal liability as their second and third claims for relief, respectively. (*Id.* at 12-18.)

Before Defendants removed this action to federal court, Plaintiffs filed their FAC. (ECF No. 1-2.) In the FAC, Plaintiffs pleaded wrongful death as their first and second claims for relief. (*Id.* at 21-26). The first wrongful death claim is brought by all Plaintiffs against all Defendants. (*Id.* at 21.) Plaintiffs base their first wrongful death claim on Defendants' negligence, arguing the City is vicariously liable as Cavanagh and Myers' employer. (*Id.* at 22-23.) The second wrongful death claim is brought by all Plaintiffs against only the City. (*Id.* at 24.) Plaintiffs base their second wrongful death claim on the City's negligence in training and/or supervision. (*Id.* at 24-26.) Plaintiffs also added two claims—for negligence against all Defendants and negligent training or supervision against the City—as part of a survival action (*id.* at 26-31), and reiterated their § 1983 claims, articulating substantive due process violations, failure to train, and failure to supervise (*id.* at 35-40). In total, the FAC includes seven distinct claims for relief.

### III.  LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *See id.* Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does not permit the Court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (alteration in original) (internal quotation marks and citation omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

**IV.   DISCUSSION**

Defendants argue that Plaintiffs' FAC is improper under Nevada law. (ECF No. 7 at 4.) Specifically, they assert that each Plaintiff may bring only one wrongful death claim under Nevada's wrongful death statute, and that the second wrongful death claim must be dismissed. (*Id.*) At issue is Nevada's wrongful death statute, which states in relevant part:

> When the death of any person, whether or not a minor, is caused by the wrongful act or neglect of another, the heirs of the decedent and the personal representatives of the decedent may each maintain an action for damages against the person who caused the death, or if the wrongdoer is dead, against the wrongdoer's personal representatives, whether the wrongdoer died before or after the death of the person injured by the

3

> wrongdoer. If any other person is responsible for the wrongful act or neglect, or if the wrongdoer is employed by another person who is responsible for the wrongdoer's conduct, the action may be maintained against that other person, or if the other person is dead, against the other person's personal representatives.

NRS § 41.085(2).

Defendants argue that NRS § 41.085(2) authorizes each heir and the personal representative to maintain one wrongful death claim the allegedly responsible party or parties. (ECF No. 11 at 3.) Plaintiffs contend their FAC is properly pleaded because § 41.085(2) permits each wronged plaintiff to bring distinct claims "for any and every wrongful act that leads to death." (ECF No. 10 at 4.)

### A. Nevada's Wrongful Death Statute

Because the parties dispute the meaning of NRS § 41.085(2), the Court's inquiry begins and ends with the statute's meaning. "It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004). The Court therefore must first consider whether the plain meaning of the statute is ambiguous. If it is, then the court may look to congressional and legislative history to discern Congress' intent. If the plain meaning is unambiguous, the court must then apply the statute as written. The Court is also mindful that as a federal court interpreting state law in a claim over which it has supplemental jurisdiction, it must apply the law as the Nevada Supreme Court would. *See C.I.R. v. Bosch's Estate*, 387 U.S. 456, 465 (1967) (concluding the *Erie* doctrine dictates that where an underlying substantive rule is based on state law, the state's highest court is the best authority on its own law).

As a preliminary matter, the Court finds that NRS § 41.085(2) is ambiguous. Although the statute unambiguously permits each heir to assert a wrongful death "action," it is not apparent from the plain meaning whether "action" is synonymous with claim or may include multiple claims. As Defendants point out, the statute refers to "an action," which may contemplate a single wrongful death claim brought against all allegedly

responsible parties. (ECF No. 7 at 4.) Although Plaintiffs' opposition seems to confuse some of Defendants' argument, they do correctly indicate that NRS § 0.030(1)(a) provides that in all statutes "[t]he singular number includes the plural number, and the plural includes the singular" unless otherwise stated or "required by context."[2] (ECF No. 10 at 6-7.) The Court agrees with Plaintiffs that, from the plain meaning of the statute alone, it is not clear whether the Nevada legislature intended to allow only one wrongful death claim per claimant. Having found the statute is ambiguous, the Court will look to the "context" of the statute as prompted by NRS § 0.030.

Although the Nevada Supreme Court has not directly addressed whether NRS § 41.085(2) authorizes multiple wrongful death claims per plaintiff, its prior decisions lead this Court to conclude that each plaintiff may proceed with only one wrongful death claim. Most instructive are the Nevada Supreme Court's decisions that address the difference between a statutory wrongful death claim and survival actions in negligence. The Nevada Supreme Court clarified that, in wrongful death, "[t]he right of action is not concerned with the wrong done to the decedent but only with the wrong done to the heirs through the decedent's death[.]" *Gilloon v. Humana Inc.*, 687 P.2d 80, 81 (Nev. 1984); *see also Fernandez v. Kozar*, 814 P.2d 68, 70 (Nev. 1991) ("A wrongful death statute 'makes no account of the wrong done to the deceased; it is only concerned with the loss to the relatives.'") (quoting *Perry v. Tonopah Mining Co.*, 13 F.2d 865, 870 (D. Nev. 1915)). Although wrongful death requires a negligent act, the source of the claim is not the negligence inflicted on the decedent, but the harm the death caused to the heirs. In this sense, wrongful death is distinct from the underlying negligence claim, which may be brought in a survival action by the estate. *See* NRS § 41.100. While a wrongdoer may be liable for multiple distinct torts against the decedent, there is only one death that can injure the heirs. The distinction between the source of survival actions and a wrongful death

---

[2]As explained further below, the Cour considers that context in this circumstance requires a singular action. However, that result is reached only after considering the context of caselaw, not from the plain meaning of the statute's face. The Court therefore will consider the context as a means to clarify the ambiguous language of the statute.

action therefore dictates that each wrongful death claimant may assert only one wrongful death claim.

Permitting only one claim for wrongful death per claimant is likewise required by the policy considerations expressed by the Nevada Supreme Court. Conflating survival actions with the wrongful death statute risks double-recovery, a result the Nevada Supreme Court has expressly cautioned against. *See Alsenz v. Clark Cnty. Sch. Dist.*, 864 P.2d 285, 288 (Nev. 1993). Allowing claimants to plead a distinct wrongful death claim for each alleged negligent act against the decedent would convert the wrongful death statute into a second recovery for the negligence. This confuses the purpose of the wrongful death recovery, which was intended to be not for harm done to the decedent, but for the harm the death caused to the heir. *See Gilloon*, 687 P.2d at 81.

Accordingly, the Court finds that NRS § 41.085 creates a single wrongful death claim for each claimant. The statute's plain language does, however, provide that a wrongful death claim may be brought against all alleged responsible parties, including "the wrongdoer," the responsible employer of the wrongdoer, or "any other person" who is responsible for the wrongdoer's wrongful actions. *See* NRS § 41.085(2). In a similar vein, neither party disputes that multiple theories of liability may be pleaded to satisfy the underlying negligent or wrongful act required to prove a wrongful death claim. The Court therefore recognizes that although Plaintiffs' FAC improperly asserts two claims for wrongful death per Plaintiff, the facts alleged may and should be pleaded in order to assert multiple theories of liability. Similarly, each Plaintiff may assert their wrongful death claim against Cavanagh, Myers, and the City (both directly and vicariously). The FAC as pleaded, however, improperly states multiple claims for wrongful death against the City. Accordingly, the Court will grant Defendants' Motion.

### B. Leave to Amend

Plaintiffs request leave to amend if the Court decides to grant the Motion. (ECF No. 10 at 18.) The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*,

911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in a plaintiff's opposition papers should be considered by the Court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

The Court will grant Plaintiffs leave to amend. As a preliminary matter, the Court finds that Plaintiffs' FAC, though incorrectly pleaded, complied with the general spirit of providing notice to Defendants about the theory and manner of claims Plaintiffs assert and the error was not made in bad faith. Justice therefore requires that Plaintiffs be given the opportunity to amend their wrongful death claims to include their various theories of liability under one asserted cause of action per Defendant. Because it is very early in the litigation, there is little chance of undue delay or prejudice to Defendants. Accordingly, the Court will grant Plaintiffs leave to file an amended complaint correcting their wrongful death pleadings within 30 days of this order.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendants' partial motion to dismiss (ECF No. 7) is granted. Plaintiffs' second cause of action for wrongful death is dismissed.

It is further ordered that Plaintiffs are granted leave to file an amended complaint within 30 days of this order. Plaintiffs may each assert one claim for wrongful death against Defendants, but may allege multiple theories of liability within each Plaintiff's claim and may assert alternate or joint theories of causation against Defendants. If Plaintiffs fail

to file a corrected amended complaint within 30 days, this case will proceed with the First Amended Complaint (ECF No. 1-2) as the operative complaint, but without the second cause of action for wrongful death.

DATED THIS 27th Day of July 2021.

                                          MIRANDA M. DU
                                        CHIEF UNITED STATES DISTRICT JUDGE